UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANDY DOOHAN, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | Case No.: 4:19-cv-00111-NKL |
| vs. | Hon. Nanette K. Laughrey |
| CTB INVESTORS, LLC, d/b/a PBR BIG SKY COWBOY BAR, et al., | |
| *Defendants*. | |

## MOTION TO STAY

Plaintiff Andy Doohan ("Plaintiff"), by and through his undersigned counsel, respectfully requests that the Court issue a stay in this matter pending the resolution of the fully briefed motions for class certification and summary judgment that are currently pending before this Court in *Hand v. Beach Entertainment KC, LLC d/b/a Shark Bar, et al.*, No. 4:18-cv-668 (W.D. Mo.) ("*Shark Bar*") and *Smith, et al. v. Truman Road Development, LLC d/b/a No Other Pub, et al.*, No. 4:18-cv-670 (W.D. Mo.) ("*No Other Pub*"). In support of this motion, Plaintiff states as follows:

1. Class certification motions in *Shark Bar* and *No Other Pub* were fully briefed as of December 5, 2019. The parties' cross-motions for summary judgment in *Shark Bar* and *No Other Pub* were fully briefed as of December 19, 2019. The Court held oral argument on each of the motions in *Shark Bar* on January 17, 2020.

2. There are a number of upcoming deadlines in this case as the discovery period comes to a close. Plaintiff's motion for class certification is due on February 18, 2020. Defendants' expert report and Plaintiff's rebuttal expert report are due on March 6 and 17, 2020,

respectively. Dispositive motions, including any *Daubert* motions, are due to be filed no later than May 1, 2020.[1]

3. *Shark Bar* and *No Other Pub* assert substantially similar claims to those in the instant action regarding alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and its implementing regulations. In each case, a bar in the Kansas City Power & Light District is alleged to have sent text messages promoting the bar using an "automatic telephone dialing system" ("ATDS") without first obtaining the required consent to do so. The cases all additionally allege a failure to maintain certain TCPA-compliant procedures regarding telemarketing that are required by the TCPA's implementing regulations.

4. There is also substantial overlap as to the parties involved. Each case involves two of the same defendants—Entertainment Consulting International, LLC ("ECI") and The Cordish Companies, Inc. ("Cordish")—that are alleged to be liable for their role in sending the text messages.

5. The underlying legal and factual questions presented in each case are nearly identical. For example, each case turns on (1) the Court's interpretation of what constitutes an ATDS under the TCPA, and (2) the application of that definition to the technology at issue. Neither is likely to change across cases, particularly because the technology at issue—the text message platform that each bar used—is the same in each case. Another key issue, whether

---

[1] In representing a bar in similar litigation in which it was alleged to have sent text messages using an ATDS in violation of the TCPA, Defendants' counsel affirmatively moved for summary judgment months before the deadline. *See Beal v. Outfield Brew House, LLC d/b/a Budweiser Brew House*, 2:18-cv-04028-MDH, dkt. 194 (W.D. Mo. May 23, 2019) (noting defendant filed summary judgment motion on May 3, 2019 in advance of originally-scheduled August 23, 2019 deadline). In order to prevent the Court from having to address the same issues at two different times, Plaintiff expects to move for summary judgment at the same time as Defendants.

Defendants had the proper consent to send the text messages at issue, is present in each case, and the Court's treatment of it in *Shark Bar* and *No Other Pub* will likely have ramifications on the upcoming motions here; each Defendant followed a similar process to obtain and upload phone numbers, and kept or destroyed reflecting Plaintiff's and the putative classes' signatures in the same way. Finally, the arguments that the *Shark Bar* or *No Other Pub* defendants failed to maintain internal do-not-call procedures are almost identical to those Plaintiff asserts here.

6. Given the significant overlap of the issues, it is not credibly in dispute that the Court's class certification and summary judgment rulings in *Shark Bar* and *No Other Pub* will impact the parties' approaches in this case to each of these upcoming stages. For example, if the Court finds significant any technical capabilities of the dialing software at issue, those capabilities likely will receive particular focus in the upcoming expert reports, and the parties can propound additional discovery requests that may shed additional light on that issue in this case. Similarly, if the Court views a particular step in Defendants' process to obtain telephone numbers as impactful to its class certification or summary judgment findings, the parties can address those further in depositions in the instant case. The parties will not have such an opportunity without a stay.

7. With respect to briefing, without a stay, the parties will have to file motions that are necessarily outdated at the time they are filed. That is, Plaintiff would need move for class certification—and likely summary judgment, if Defendants file at any time before the deadline—before the Court has addressed the same issues in *Shark Bar* and *No Other Pub*. The parties will then need to submit additional briefing to the Court to supplement their initial filings, modifying their original arguments to address the Court's holdings as appropriate.

8. "[T]he Court holds the power to control its own docket and stay its own proceedings." *Shockley v. Prime Lending*, No. 17-cv-763, 2018 WL 7506170, at *1 (W.D. Mo. Mar. 6, 2018) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Flockhart v. Synchrony Bank*, No. 17-CV-4019-MWB, 2017 WL 3276266, at *3 (N.D. Iowa Aug. 1, 2017) (staying TCPA case pending *ACA International* because a stay would "determine the scope of discovery[,] … conserve judicial resources, clarify the law, and aid the court in making a decision on the merit"); *Busch v. Bluestem Brands, Inc.*, No. 16-CV-0644 (WMW/HB), 2017 WL 5054391, at *4 (D. Minn. Feb. 22, 2017) (same); *see also Alexander v. Medtronic, Inc.*, No. 2:12-CV-4104-NKL, 2012 WL 2049827, at *4 (W.D. Mo. June 6, 2012) (staying underlying case that had "the same facts, parties, and basic legal allegations" as a case on appeal) (Laughrey, J.).

9. Good cause exists to stay this matter. A stay will allow the parties to conserve resources and to avoid unnecessary expenditures of time and effort conducting discovery and briefing arguments that will otherwise be incomplete. A stay will also save the Court from receiving and reviewing piecemeal rounds of briefing that will need to be supplemented after the *Shark Bar* and *No Other Pub* rulings with yet more briefing.

10. This stay is not being sought for any improper purpose, such as to unduly delay proceedings. To the contrary, and for the reasons set forth herein, a stay ensures that the resources of the Court and the parties are conserved.

11. Plaintiff's counsel has conferred with Defendants' counsel regarding this motion, but Defendants were unable to provide their positions by the time of filing.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order (i) staying this case until the Court has resolved each of the class certification and summary judgment

motions in *Hand v. Beach Entertainment KC, LLC d/b/a Shark Bar, et al.*, No. 4:18-cv-668 (W.D. Mo.) and *Smith, et al. v. Truman Road Development, LLC d/b/a No Other Pub, et al.*, No. 4:18-cv-670 (W.D. Mo.); (ii) directing the parties to submit a joint status report[2] no later than fourteen (14) days following the Court's ruling on the last of these motions; and (iii) providing such other and further relief that the Court deems reasonable and just.

Respectfully submitted,

Date: January 31, 2020

 /s/ *Michael Ovca*
Benjamin H. Richman (*pro hac vice*)
Michael Ovca (*pro hac vice*)
Edelson PC
350 N. LaSalle Street, 14th Floor
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
Email: brichman@edelson.com
movca@edelson.com

William C. Kenney (Mo. Bar No. 63001)
Bill Kenney Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, Missouri 64105
Telephone: (816) 842-2455
Facsimile: (816) 474-8899
Email: bkenney@billkenneylaw.com

Rafey S. Balabanian (*pro hac vice*)
Eve-Lynn J. Rapp (*pro hac vice*)
Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Telephone: (415) 212-9200
Facsimile: (415) 373-9435
Email: rbalabanian@edelson.com

---

[2] This status report shall set forth the parties' positions on whether the stay should continue or be lifted. If their position is that the stay should be lifted, the parties should include a proposed schedule of remaining discovery and briefing deadlines.

erapp@edelson.com

*Attorneys for Plaintiff and all others similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 31, 2020, the foregoing document was electronically filed with the Court's Electronic Filing System and will be served electronically on all registered attorneys of record.

                                                               */s/ Michael Ovca*