UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANDY DOOHAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>CTB INVESTORS, LLC d/b/a PBR BIG SKY COWBOY BAR<br><br>THE CORDISH COMPANIES, INC.<br><br>ENTERTAINMENT CONSULTING INTERNATIONAL, LLC<br><br>*Defendants.* | Case No.: 4:19-cv-111-NKL |

## NOTICE OF NON-OPPOSITION TO PLAINTIFF'S MOTION TO STAY

Defendants CTB Investors, LLC d/b/a PBR Big Sky Cowboy Bar, The Cordish Companies, Inc. ("Cordish"), and Entertainment Consulting International, LLC ("ECI") (collectively, "Defendants"), hereby submit this Notice of Non-Opposition to Plaintiff's Motion to Stay and respectfully state as follows:

1. Defendants join in Plaintiff's request to stay the instant action, pending resolution of this Court's rulings on class certification, summary judgment and *Daubert* motions in the cases entitled *Hand v. Beach Entertainment KC, LLC d/b/a Shark Bar, et al.*, No. 4:18-cv-668 (W.D. Mo.) ("*Shark Bar*") and *Smith, et al. v. Truman Road Development, LLC d/b/a No Other Pub, et al.*, No. 4:18-cv-670 (W.D. Mo.) ("*No Other Pub*").

2. Defendants, however, identify the independent grounds that support a stay, as set forth below.

3.      ***Summary Judgment & Liability Issues.*** With respect to summary judgment, Defendants agree that this case presents certain issues that overlap with issues pending before the Court on summary judgment in the *Shark Bar* and *No Other Pub* cases, including whether the technology used to send the text messages at issue constitutes an automatic telephone dialing system ("ATDS"), as well as whether a private right of action exists under the regulatory provision 47 C.F.R. § 64.1200(d). Other issues, such as whether Plaintiff consented to receive the text messages at issue, will depend upon the factual record specific to this case. *See, e.g.*, No Other Pub Summary Judgment Motion (Dkt. 145, at 11-12).

4.      Defendants also believe that this action should be stayed pending the Supreme Court's ruling in *Barr v. American Association of Political Consultants*, No. 19-631 (S. Ct. Jan. 10, 2020), where the Court is poised to review the constitutionality of 47 U.S.C. § 227(b). To the extent the Court strikes down the provision, as Defendants argued in their earlier motion to dismiss this case, Plaintiff's ATDS claims are necessarily resolved in Defendants' favor.

5.      ***Class Certification.*** With respect to class certification, Defendants agree that a ruling by the Court that individualized issues of consent destroys predominance, as argued in their opposition to class certification in both *Shark Bar* and *No Other Pub*, would likely obviate the need for a certification motion in this case.

6.      Defendants disagree, however, that even if this Court were to resolve the class certification motions at issue in *Shark Bar* and *No Other Pub* in those plaintiffs' favor, that such a ruling will bear on Plaintiff's anticipated motion for class certification in this case, given the differing theories counsel for Plaintiff have presented for certification in those cases.

7.      In both of those cases, Plaintiffs seek to certify different classes, pursuant to different theories. For example, in *Shark Bar*, Mr. Hand, the named Plaintiff, seeks to certify the

2

Case 4:19-cv-00111-NKL   Document 69   Filed 02/04/20   Page 2 of 5

following classes:

- SendSmart Class: All individuals who received one or more text messages from Shark Bar sent using the SendSmart text messaging system, as reflected in the SendSmart Class List.

- Txt Live! Class: All individuals who received one or more text messages from Shark Bar using the Txt Live! text messaging system, as reflected in the Txt Live! Class List.

- Do-Not-Call Class: All individuals on either the SendSmart or Txt Live! Class Lists who received more than one text message from Shark Bar in any twelve-month period to a number included on the NDNCR.

8. Excluded from these classes, however, are, *inter alia*, individuals who responded positively to Shark Bar's text messages, as well as individuals who completed electronic forms.

9. By contrast, in *No Other Pub*, Mr. Smith, the only named Plaintiff seeking to represent a class in that case, seeks to certify a class of persons who received a text message from No Other Pub after completing a sign-in sheet and only with respect to the ATDS claim. The proposed class in that case would include individuals who responded positively to No Other Pub's text messages, while the proposed classes in *Shark Bar* attempt to exclude these individuals. In addition, Mr. Kagarice, the other named plaintiff in the *No Other Pub* case, is not seeking to represent ***any*** putative class, notwithstanding that he sought to do so in the Second Amended Complaint filed in the *No Other Pub* case.

10. Moreover, in the *Shark Bar* and *No Other Pub* cases, the named plaintiffs altered the class definitions set forth in their pleadings and abandoned efforts to certify the procedural claim pursuant to 47 C.F.R. § 64.1200(d) that is also at issue in Mr. Doohan's First Amended Complaint. Thus, it is impossible at this point in the litigation to predict the class(es) that Plaintiff will seek to certify or the theory he will advance.[1]

---

[1] To the extent Plaintiff intends to alter his class definition, the proper procedure is to seek leave of court to do so.

11. Moreover, Mr. Doohan will also need to establish that he meets Fed. R. Civ. P. 23(a)'s requirements, which is an analysis that is necessarily tailored to him as an individual, without regard to any ruling the Court issues in the *Shark Bar* and *No Other Pub* cases.

12. Accordingly, while Defendants agree that judicial economy would be served by staying the instant action, including with respect to class certification, the grounds they advance for a stay differ in some instances from those identified by Plaintiff.

Dated: February 4, 2020

By: */s/ Jacqueline M. Sexton*
W. James Foland #25022
Jacqueline M. Sexton #53262
Foland, Wickens, Roper,
 Hofer & Crawford, P.C.
1200 Main Street, Suite 2200
Kansas City, MO 64105
(816) 472-7474
jfoland@fwpclaw.com
jsexton@fwpclaw.com

Lauri A. Mazzuchetti (*pro hac vice*)
Whitney M. Smith (*pro hac vice*)
Glenn T. Graham (*pro hac vice*)
KELLEY DRYE & WARREN LLP
One Jefferson Road
Parsippany, New Jersey 07054
(973) 503-5900
lmazzuchetti@kelleydrye.com
wsmith@kelleydrye.com
ggraham@kelleydrye.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on this 4th day of February, 2020, a true and correct copy of the above and foregoing document was filed with the Court's CM-ECF system which will provide notice to all counsel of record.

                                        /s/ *Jacqueline M. Sexton*
                                        *Attorneys for Defendants*