UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANDY DOOHAN, individually and on behalf of all others similarly situated,<br><br>        *Plaintiff*,<br><br>vs.<br><br>CTB INVESTORS, LLC, d/b/a PBR BIG SKY COWBOY BAR, et al.,<br><br>        *Defendants*. | Case No.: 4:19-cv-00111-NKL<br><br>Hon. Nanette K. Laughrey |

## JOINT STATUS REPORT REGARDING STAY

Plaintiff Andy Doohan ("Plaintiff") and Defendants CTB Investors, LLC, d/b/a PBR Big Sky Cowboy Bar ("Big Sky"), The Cordish Companies, Inc. ("Cordish"), and Entertainment Consulting International, LLC ("ECI") (Big Sky, Cordish, and ECI are collectively referred to as the "Defendants"), by and through their undersigned counsel, respectfully submit the following Joint Status Report pursuant to Dkt. 70 setting out their respective views of whether the stay entered in this matter should continue.

    1.    The Court issued a stay in this matter pending the resolution of the motions for class certification and summary judgment that were pending before this Court in *Hand v. Beach Entertainment KC, LLC d/b/a Shark Bar, et al.*, No. 4:18-cv-668 (W.D. Mo.) ("*Shark Bar*") and *Smith, et al. v. Truman Road Development, LLC d/b/a No Other Pub, et al.*, No. 4:18-cv-670 (W.D. Mo.) ("*No Other Pub*") and requested that the parties submit a joint status report in this case no later than fourteen days after the last of these motions was resolved. (Dkt. 70.) This status report was to indicate the parties' positions on whether the stay should be continued or lifted, and if lifted, a proposed timeline for remaining discovery and motion practice. (Dkt. 70.)

1

2. On April 27, 2020, in *Shark Bar*, this Court issued an order granting the defendants' motion for summary judgment on the question of whether the texting platform at issue qualified as an "automatic telephone dialing system" ("ATDS") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. (*Shark Bar*, Dkt. 206 at 20.) The Court denied plaintiff's cross-motion for partial summary judgment and denied as moot plaintiff's motions to certify classes of persons alleging they were sent texts by defendants through the at-issue texting platforms. (*Id*. at 46–47.) The Court further denied defendants' summary judgment motion regarding plaintiff's claims that defendants texted him more than twice in a twelve-month period while his number was on the National Do-Not-Call Registry and certified a class of similarly situated persons. (*Id* at 27, 81.) The Court denied defendants' summary judgment motion with respect to plaintiff's claim that defendants sent more than one telemarketing message without instituting procedures to maintain a list of individuals who request not to receive such texts from that entity ("Procedural Claim"). (*Id*. at 32.) Finally, the Court also struck plaintiff's revocation claim that defendants texted plaintiff more than one message after he requested they stop. (*Id*. at 35.) With regards to ECI and Cordish, the Court denied their motion for summary judgment regarding their vicarious liability. (*Id*. at 45.)

3. In *No Other Pub*, on April 28, 2020, this Court issued a similar order with respect to the ATDS issue, granting summary judgment in favor of defendants on Plaintiffs' ATDS claim. (*No Other Pub*, 19.) The Court denied as moot Plaintiff Smith's motion to certify a class of individuals who provided their numbers to defendants on a sign-in sheet and received a text from defendants. (*Id*. at 50.) For the claim that defendants texted plaintiffs twice in one year while their numbers were on the national do-not-call registry, the Court granted defendants' summary judgment motion with regards to Plaintiff Smith and denied it with respect to Plaintiff

Kagarice. (*Id.* at 24, 29.) The Court allowed plaintiffs' claims that defendants sent more than one telemarketing message without instituting procedures to maintain a list of individuals who request not to receive such texts from that entity to proceed. (*Id.* at 36.) As in *Shark Bar*, the Court struck Plaintiff Kagarice's revocation claim that defendants texted plaintiff more than one message after he requested they stop. (*id.* at 39.) Likewise, with regards to ECI and Cordish, the Court denied their motion for summary judgment regarding their vicarious liability. (*Id.* at 48–49.)

4. On May 8, 2020, the plaintiff in *Beal v. Outfield Brew House, LLC d/b/a Budweiser Brew House* filed a notice of appeal to the Eighth Circuit Court of Appeals. 2:18-cv-04028-MDH, Dkt. 262 (W.D. Mo. May 8, 2020) ("*Brew House*"). At issue in the appeal is whether the District Court erred in finding the TXT Live! platform is not an ATDS under the TCPA. *See Brew House*, Dkt. 252 (finding, *inter alia*, that TXT Live! does not qualify as an ATDS).

*Plaintiff's Position*

5. Given this legal landscape, Plaintiff respectfully suggests that the stay entered in this matter be continued while the Eighth Circuit considers whether the text message platform at the heart of this case constitutes an ATDS under the TCPA in the *Brew House* appeal.[1] The *Brew House* appeal will allow the Eighth Circuit to pick which side of the circuit split it might join regarding the ATDS question, either aligning itself with the Circuits endorsing a broader

---

[1] Plaintiff also notes that the United States Supreme Court is currently considering a petition for writ of certiorari in *Duguid, et al. v. Facebook, Inc.*, No. 19-511, which asks the Supreme Court to address the same question of statutory interpretation. For its part, the Federal Communication Commission is formulating its own guidance on the ATDS definition in the wake of *ACA Int'l v. Fed. Commc'ns Comm'n, et al.*, 885 F.3d 687 (D.C. Cir. 2018). *See* FCC CG Docket Nos. 02-278 and 18-152 (petition available at https://docs.fcc.gov/public/attachments/DA-18-493A1.pdf). Further—potentially dispositive—guidance may come from these bodies as the Eighth Circuit addresses the *Brew House* appeal.

interpretation of what constitutes an ATDS (*see Marks v. Crunch San Diego, LLC*, 904 F. 3d 1041 (9th Cir. 2018)) or those adopting a narrower interpretation of the statute (*see Dominguez v. Yahoo, Inc.*, 894 F.3d 116 (3d Cir. 2018)), as this Court did in *Shark Bar* and *No Other Pub*.

6. The question the Eighth Circuit will resolve is central to this case, as Plaintiff's ATDS claim (Count I of his First Amended Complaint, Dkt. 20) involves the exact same text messaging system that is at issue in the *Brew House* appeal, (*see generally Brew House*, Dkt. 252 (addressing the TXT Live! system). Guidance from the Eighth Circuit will thus undoubtedly impact how—or whether—this claim can proceed for Plaintiff and the putative class he seeks to represent.

7. On the other hand, if the stay is lifted, Plaintiff will have to resume discovery related to his ATDS claim, take depositions regarding the TXT Live!'s system's functionalities, brief the issue of whether a class who received messages through TXT Live! can be certified, and file summary judgment briefing on whether TXT Live! is an ATDS. The parties will have to do all of this understanding that this Court's view of the ATDS definition will almost surely result in the dismissal of Plaintiff's ATDS claim at the summary judgment stage, at which point Plaintiff will have to lodge his own appeal with the Eighth Circuit.[2] Aside from unnecessarily duplicating the efforts before this Court, it will likely lead to a glut of cases raising the same question in front of the Eighth Circuit.

8. In short, the same reasons that made staying this matter appropriate in the first instance warrant extending that stay while the Eight Circuit considers whether the same system that is at issue here is an ATDS. *See Flockhart v. Synchrony Bank*, No. 17-CV-4019-MWB, 2017 WL 3276266, at *3 (N.D. Iowa Aug. 1, 2017) (staying TCPA case pending *ACA Int'l* because a

---

[2] Plaintiff further notes that owing to the procedural postures of the *Shark Bar* and *No Other Pub* actions, this Court's prior interpretation of the TCPA's ATDS provision is not immediately appealable.

4

stay would "determine the scope of discovery[,] … conserve judicial resources, clarify the law, and aid the court in making a decision on the merit"); *Busch v. Bluestem Brands, Inc.*, No. 16-CV-0644 (WMW/HB), 2017 WL 5054391, at *4 (D. Minn. Feb. 22, 2017) (same); *see also Alexander v. Medtronic, Inc.*, No. 2:12-CV-4104-NKL, 2012 WL 2049827, at *4 (W.D. Mo. June 6, 2012) (staying underlying case that had "the same facts, . . . and basic legal allegations" as a case on appeal) (Laughrey, J.) Thus, Plaintiff respectfully suggests that the Court extend the stay pending the outcome of the *Brew House* appeal, and Orders the parties to submit regular status updates to inform the Court of any new developments regarding the *Brew House* appeal, or the Supreme Court or Federal Communications Commission's consideration of the ATDS definition.[3]

***Defendants' Position***

9. Defendants respectfully submit that the stay previously entered in this case should not continue during the entire pendency of the Eighth Circuit appeal in *Brew House*. Rather, the stay should be lifted and discovery, as well as related motion practice, should proceed. The parties have already invested significant resources in conducting paper discovery and conducting depositions are the primary discovery task that remains. This case presents a significant exposure for Defendants and they would like to see it resolved as expeditiously as possible.

10. Any asserted interest Plaintiff has proffered in support of continuing the stay is outweighed by the fact that, given that the notice of appeal in the *Brew House* case was only filed last week, and it will take many months, and potentially longer than a year, for the Eighth Circuit to resolve the appeal.

---

[3] Should the Court lift the stay and enter a scheduling order immediately, in order to accommodate any difficulties in conducting discovery during the pending Covid-19 pandemic, Plaintiff would adopt Defendants' proposed schedule: a discovery cut-off of September 15, 2020, with summary judgment motions due on October 5, 2020.

5

11. A stay in this matter would also waste time, because the *Brew House* appeal will have no impact on Plaintiff's Procedural Claim, which still needs to be resolved (if Plaintiff intends to pursue the claim). This claim involves issues that are different from, and not relevant to, Plaintiff's ATDS claim, and litigation related to it should proceed. Specifically, Defendants should be entitled to develop the record on, for example, whether Plaintiff's use of his cell phone qualifies her to seek the protections to which only a "residential telephone subscriber" is entitled under the TCPA, particularly given that Plaintiff has not alleged that he registered his cell phone number on the NDNCR and is therefore not entitled to any presumption on this point. *Shark Bar* Order, at 28. There is also a question of whether Plaintiff has suffered any harm whatsoever as a result of the alleged Procedural violation.

12. The stay should also be lifted because this case involves claims related to text messages that were sent over four years ago. Defendants have the right to depose Plaintiff and any other relevant witnesses before their memories fade further or other relevant evidence deteriorates. *See, e.g.*, *Young v. Peraza*, No. 15-60968-CIV--COHN/SELTZER, 2015 WL 4639736, at *5 (S.D. Fla. Aug. 4, 2015) (denying stay where party "would stand to suffer prejudice as the memories of eyewitnesses faded with the passage of time").

13. Plaintiff also overstates the burden he will incur in connection with prosecuting his ATDS claim, particularly given that the issues regarding this claim have already been framed, he has already submitted her expert report concerning the issue, and the issue has already been briefed in connection with the *Shark Bar* and *No Other Pub* cases.

14. Plaintiff's counsel did not seek to certify a class with respect to the Procedural Claim in the *Shark Bar* and *No Other Pub* cases, so unless Plaintiff here shifts course, there will be no class certification motion practice related to this issue.

6

15. Indeed, Plaintiff's request for a stay in this matter seems to be driven by an effort to avoid litigating his individual Procedural Claim, while avoiding the inevitable dismissal of the ATDS claim. If that is the strategy Plaintiff would like to pursue, he should dismiss his Procedural Claim so that the parties can brief summary judgment on his ATDS claim and he can appeal this issue as of right, as the plaintiff in *Brew House* has done.

16. While Defendants maintain that the stay in this case should be lifted promptly and litigation should proceed as expeditiously as possible, Defendants are mindful of the challenges posed by the COVID-19 pandemic and would therefore propose to maintain the current stay until June 30, 2020. At that time, the parties could then submit a proposed schedule to the Court for consideration. In the event the Court is inclined to enter a schedule now, Defendants would propose a discovery cut-off of September 15, 2020, with summary judgment motions due on October 5, 2020.

Respectfully submitted,

**Andy Doohan**, individually and on behalf of all others similarly situated,

Date: May 12, 2020

 /s/ *Michael Ovca*
 One of Plaintiff's Attorneys

Benjamin H. Richman (*pro hac vice*)
Michael Ovca (*pro hac vice*)
Edelson PC
350 N. LaSalle Street, 14th Floor
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
Email: brichman@edelson.com
movca@edelson.com

William C. Kenney (Mo. Bar No. 63001)
Bill Kenney Law Firm, LLC

7

1100 Main Street, Suite 1800
Kansas City, Missouri 64105
Telephone: (816) 842-2455
Facsimile: (816) 474-8899
Email: bkenney@billkenneylaw.com

Rafey S. Balabanian (*pro hac vice*)
Eve-Lynn J. Rapp (*pro hac vice*)
Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Telephone: (415) 212-9200
Facsimile: (415) 373-9435
Email: rbalabanian@edelson.com
erapp@edelson.com

*Attorneys for Plaintiff and all others similarly situated*


**CTB Investors, LLC, d/b/a PBR Big Sky Cowboy Bar**, **The Cordish Companies, Inc.**, and **Entertainment Consulting International, LLC**,

Date: May 12, 2020

*/s/ Whitney Smith (with permission)*
 One of Defendants' Attorneys
W. James Foland, MO Bar # 25022
Jacqueline Sexton, MO Bar # 53262
Zach T. Bowles, MO Bar # 70531
FOLAND, WICKENS, ROPER,
HOFER & CRAWFORD, P.C.
1200 Main Street, Suite 2200
Kansas City, MO 64105
Telephone: (816) 472-7474
Email: jfoland@fwpclaw.com
jsexton@fwpclaw.com

Lauri A. Mazzuchetti
(admitted *pro hac vice*)
Whitney M. Smith (admitted *pro hac vice*)
Glenn T. Graham (admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
One Jefferson Road
Parsippany, New Jersey 07054
Telephone: (973) 503-5900

8

Facsimile: (973) 503-5950
Email: lmazzuchetti@kelleydrye.com
wsmith@kelleydrye.com
ggraham@kelleydrye.com

David I. Zalman (admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7985
Email: dzalman@kelleydrye.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 12, 2020, the foregoing document was electronically filed with the Court's Electronic Filing System and will be served electronically on all registered attorneys of record.

    */s/ Michael Ovca*